**John J. Dunn**
vs. } Law No. 82279.
**Ralph's Quality Bakery, Inc.**

February 16, 1931.

CHURCHILL, J. Heard on motion for new trial after verdict for the plaintiff in the sum of $800.00.

The case made by the plaintiff was that he went into a restaurant and purchased a tea cake; that upon attempting to eat it his mouth was cut by glass therein; that the tea cake had been bought from the defendant shortly before the day of the accident by the restaurant keeper.

A portion of the tea cake was produced in evidence and there appeared embedded in the cake a fragment of glass. The president and general manager of the defendant company testified that appliances of the most approved type were used in preparing the food products manufactured in the bakery and that all of the materials used were thoroughly sifted before baking. He was unable to say whether or not the portion of the tea cake in evidence was manufactured in the defendant's bakery.

On all the testimony in the case, the jury were warranted in drawing the inference that the defendant, or its employees, were guilty of negligence in the preparation of the cake in question.

*Minutilla* vs. *Providence Ice Cream Co.*, 50 R. I. 43.

On this aspect of the case the verdict is supported by the evidence.

The Court is of the opinion, however, that the damages awarded are excessive and that justice requires a new trial in this respect.

The plaintiff testified that his mouth was cut by a piece of glass when he attempted to bite into the tea cake; that he extracted a fragment of glass from his mouth, and that he thought he had swallowed a piece of glass.

Dr. Bolster, who attended the plaintiff on the day of the accident, testified that in his opinion, from an examination and from the history of the case, the plaintiff did not swallow any glass. He further testified that the plaintiff was apprehensive that he had swallowed glass and in order to quiet his fears he had an X-ray photograph taken. The photograph was negative.

It did not disclose the presence of anything unusual in the plaintiff's system.

According to his physician, the plaintiff got into a nervous state because of his fear that he had swallowed glass and had medical treatment for a period of about seven weeks, chiefly on account of his nervous condition.

It is clear from the testimony that no serious injuries were inflicted. The wounds caused by the glass were very slight and speedily healed. The neurotic condition following the accident cleared up without serious results.

He lost wages to the amount of $245. His medical expenses, including the expense of an X-ray photograph, amounted to $110. The verdict of $800 under such a state of facts is plainly excessive.

The motion for a new trial is granted on the question of damages only unless the plaintiff within five days remits all of the verdict in excess of $500.

For plaintiff: Peter W. McKiernan.

For defendant: Grim, Littlefield and Eden.